RECEIVED
SEP 27 2018
AT 8:30
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR D. SEALE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 18-9075 (AET)<br><br>**MEMORANDUM OPINION** |

**THOMPSON, U.S. District Judge:**

Petitioner Arthur D. Seale is proceeding pro se with a motion to correct, vacate, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1).

1. Petitioner pled guilty to a seven-count indictment for his role in the 1992 kidnapping and attempted ransom of Sidney J. Reso, president of an Exxon subsidiary. The plot ultimately resulted in Mr. Reso's death. Petitioner was sentenced to 95 years in prison with a five-year term of supervised release, and ordered to pay a $1.75 million fine and $350 in special assessments. *See United States v. Seale*, No. 92-cr-0372 (D.N.J. Dec. 3, 1992).[1]

2. The United States Court of Appeals for the Third Circuit reversed and remanded for recalculation of the fine. *United States v. Seale*, 20 F.3d 1279, 1281–82 (3d Cir. 1994). The Honorable Garrett E. Brown, Jr., D.N.J., resentenced Petitioner to a $75,000 fine on July 18, 1994.

3. Over twenty years later, Petitioner filed this motion under § 2255 raising three grounds for relief: (1) his sentence is unconstitutional in light of the Supreme Court's recent

---

[1] *See* 28 U.S.C. § 2255 Rule 4(b) (permitting courts to consider "the record of prior proceedings" in initial review of § 2255 motions).

decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); (2) his sentence is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and, (3) his federal sentence should be concurrent to his state sentence.

4. The Court must now review the motion under the Rules Governing § 2255 Proceedings. As Petitioner is proceeding pro se, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("[W]e construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

5. Nevertheless, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. § 2255 Rule 4(b).

6. Presuming this Court has jurisdiction,[2] the motion is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

7. AEDPA's limitation period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

[2] This is Petitioner's numerically second motion under 28 U.S.C. § 2255. *See Seale v. United States*, No. 07-4356 (D.N.J. withdrawn Feb. 27, 2009). The Third Circuit has no "precedential opinion addressing the precise question here: when does a voluntarily withdrawn § 2255 motion or habeas petition 'count' so that a numerically second motion or petition will be deemed a 'second or successive' filing within the meaning of § 2244?" *United States v. Doe*, 810 F.3d 132, 150 (3d Cir. 2015) (declining to answer question).

2

States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

8. For purposes of § 2255(f)(1), Petitioner's conviction became "final" on April 24, 1996, the effective date of AEDPA. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003); *Nara v. Frank*, 264 F.3d 310, 315 (3d Cir. 2001); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).

9. Petitioner asserts his petition is timely based on the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *See also* 28 U.S.C. § 2255(f)(3).

10. *Johnson* was decided June 26, 2015.[3] A timely § 2255 motion based on *Johnson* was due on June 26, 2016. Petitioner did not file his motion until May 5, 2018, nearly two years too late.

11. *Dimaya* did not announce a new rule of constitutional law; it merely applied *Johnson*'s holding. *See Dimaya*, 138 S. Ct. at 1213 ("*Johnson* is a straightforward decision, with equally straightforward application here."). *Dimaya* does not reset the statute of limitations under § 2255(f)(3). As such, and because *Dimaya* has not been rendered retroactive to collateral review cases, *Dimaya* does not save Petitioner's § 2255 claims from being time barred.

---

[3] The Supreme Court determined *Johnson* is retroactive to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016).

3

12. AEDPA's statute of limitations is subject to equitable tolling in appropriate cases, however. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

13. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. . . . A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).

14. "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 799-800.

15. In analyzing whether the circumstances faced by Petitioner were extraordinary, "'the proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, ... but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period.'" *Id.* at 802-03 (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011)) (emphasis in original).

16. "In addition, for a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Id.*

17. In the interests of justice, Petitioner shall be ordered to show cause why his petition should not be dismissed as untimely under 28 U.S.C. § 2255(f).

4

18. Any response by Petitioner shall state with specificity any facts that may entitle him to equitable tolling of the statute of limitations.

19. An appropriate order follows.

9/27/18
/Date

ANNE E. THOMPSON
U.S. District Judge