NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR D. SEALE,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Civil Action<br>No. 18-9075 (AET)<br><br>**OPINION** |

THOMPSON, U.S.D.J.

　　　Petitioner Arthur D. Seale is proceeding pro se with a motion to correct, vacate, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1). On September 27, 2018, the Court issued an order to show cause why the motion should not be dismissed as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 3). Petitioner filed his response on November 19, 2018. (ECF No. 4).

　　　The Court concludes that the instant motion is an unauthorized second or successive § 2255 motion. Alternatively, it is barred by AEDPA's one-year statute of limitations. The Court will therefore dismiss the motion.

## BACKGROUND

　　　Petitioner pled guilty to a seven-count indictment on September 8, 1992 for his role in the 1992 kidnapping and attempted ransom of Sidney J. Reso, president of an Exxon subsidiary. The plot ultimately resulted in Mr. Reso's death. Petitioner was sentenced to 95 years in prison with a

five-year term of supervised release and ordered to pay a $1.75 million fine and $350 in special assessments. *See United States v. Seale*, No. 92-cr-0372 (D.N.J. Dec. 3, 1992). The United States Court of Appeals for the Third Circuit reversed and remanded for recalculation of the fine but affirmed all other aspects of the sentence. *United States v. Seale*, 20 F.3d 1279, 1281–82 (3d Cir. 1994). The Honorable Garrett E. Brown, Jr., D.N.J., resentenced Petitioner to a $75,000 fine on July 18, 1994.

Petitioner filed his first motion under § 2255 on August 9, 2004. *Seale v. United States*, No. 04-3830 (D.N.J. Dec. 12, 2005). Petitioner argued in that motion "that his sentence enhancement violates his Sixth Amendment right to trial by jury, because the facts supporting this enhancement were neither admitted by Petitioner nor found by a jury." *Seale*, No. 04-3830 ECF No. 12 at 2 (citing *Blakely v. Washington*, 542 U.S. 296 (2004); *United States v. Booker*, 543 U.S. 220 (2005)). Judge Brown denied the motion on December 12, 2005. *Id.*

Two years later a second § 2255 motion was submitted on Petitioner's behalf.[1] *Seale v. United States*, No. 07-4356 (D.N.J. case terminated Mar. 11, 2009). Petitioner argued in this second case that he was not present at and was unaware of his July 18, 1994 re-sentencing. After receiving a *Miller*[2] notice from Judge Brown, *Seale*, No. 07-4356 ECF No. 11, Petitioner elected to withdraw his second § 2255 motion. *Seale*, No. 07-4356 ECF No. 12.

Nearly a decade later, Petitioner filed the instant motion under § 2255 raising three grounds for relief: (1) his sentence is unconstitutional in light of the Supreme Court's recent decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct.

---

[1] Petitioner argued this motion was filed without his knowledge by a fellow inmate. *Seale*, No. 07-4356 ECF No. 6.
[2] *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) (requiring district courts to inform pro se prisoners of the restrictions on filing second or successive § 2255 motions).

2

1204 (2018); (2) his sentence is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and, (3) his federal sentence should be concurrent to his state sentence. The Court issued an order to show cause on the issue of timeliness on September 27, 2018. (ECF No. 3). Petitioner submitted his arguments in favor of equitable tolling on November 19, 2018. (ECF No. 4). The matter is now ripe for disposition.

## **LEGAL STANDARD**

Section 2255 provides in relevant part that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). As Petitioner is proceeding pro se, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("[W]e construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Nevertheless, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. § 2255 Rule 4(b).

## **ANALYSIS**

In its memorandum opinion accompanying the order to show cause, the Court presumed it had jurisdiction. (ECF No. 2 at 2 n.2). Upon further review it is clear that the Court lacks

3

jurisdiction over the instant motion as it is a second or successive § 2255 motion.[3] See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (noting courts have continuing obligation to assess jurisdiction). Before a second or successive § 2255 motion may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). There is no indication that Petitioner received permission from the Third Circuit to file this motion.[4] Therefore, the Court lacks jurisdiction to consider it.

Even if this Court had jurisdiction, the Court would dismiss the motion as untimely as there are no grounds on which to grant equitable tolling. Petitioner asserts that he was unable to file this § 2255 motion on time because his long-time attorney retired and then passed away, requiring him to find new counsel, and he lost his legal papers due to repeated transfers within the federal prison system. (ECF No. 4 ¶¶ 3-5, 9-13). The desire to avoid proceeding pro se is not a severe filing impediment justifying equitable tolling. *See Jenkins v. Greene*, 630 F.3d 298, 305 (2d Cir. 2010) ("[T]he doctrine of equitable tolling does not permit [the Court] to excuse compliance with the statute whenever a potentially meritorious claim is at stake.... Nor does that doctrine allow tolling whenever a petitioner must face the daunting procedural obstacles to obtaining habeas review without the assistance of counsel."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."). The emails provided

---

[3] Judge Brown provided Petitioner with the required *Miller* warnings on April 18, 2005 after Petitioner filed his first § 2255 motion. *Seale*, No. 04-3830 ECF No. 4.

[4] An email submitted by Petitioner as part of his response to the order to show cause indicates he was aware of this requirement. *See* ECF No. 4 at 36 ("I had filed an initial 2255 after the *Apprendi* decision, but it was declined because of the lack of retroactivity, so I presume I would need the court's permission to file a second 2255."). Petitioner also received *Miller* warnings on two occasions: *Seale*, No. 04-3830 ECF No. 4; *Seale*, No. 07-4356 ECF No. 11.

4

by Petitioner indicate he had a sufficient grasp of his case to present his arguments to the court of appeals in spite of the loss of any papers. The Court therefore finds that equitable tolling is not appropriate in Petitioner's case.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court finds that it is not in the interests of justice to transfer the motion as it was untimely when was filed.

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as second or successive, or in the alternative as untimely, is correct.

## CONCLUSION

For the reasons stated above, the motion is dismissed for lack of jurisdiction, or in the alternative because it is untimely. An accompanying Order will follow.

Date: 3/7/19

ANNE E. THOMPSON, U.S.D.J.

5